UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PENNY COLEMAN, | Case No. 18-CV-1682 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

Petitioner Penny Coleman pleaded guilty on the same day to separate offenses, in separate criminal proceedings, in the United States District Court for the Eastern District of Missouri. In the first proceeding, Coleman pleaded guilty to being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was sentenced to the statutory minimum of 180 months' imprisonment. *See United States v. Coleman*, No. 1:14-CR-0029 (E.D. Mo. judgment Jan. 20, 2015). In the second proceeding, Coleman pleaded guilty to distribution of cocaine base and was sentenced to a concurrent 180-month term of imprisonment. *See United States v. Coleman*, No. 1:14-CR-0080 (E.D. Mo. judgment Jan. 20, 2015).

Coleman did not seek direct appeal from either of those convictions. She has, however, twice sought post-conviction relief in the Eastern District of Missouri pursuant to 28 U.S.C. § 2255. In her first § 2255 motion, Coleman argued that her ACCA conviction was invalid in light of the Supreme Court's then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The sentencing court denied this § 2255 motion

1

on the merits, finding that Coleman's conviction and sentence remained valid despite *Johnson*. *See Coleman v. United States*, No. 1:16-CV-0121, 2016 WL 5390933 (E.D. Mo. Sept. 27, 2016). In denying the motion, the sentencing court expressly noted that "Coleman [did] not contend that her sentence [for the drug offense] was incorrectly applied" and therefore declined "to address any issue related to that conviction or sentence." *Id*. at *1. In her second § 2255 motion, Coleman *again* challenged her ACCA conviction, this time on the basis of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and related cases. The sentencing court denied this § 2255 motion without prejudice for lack of jurisdiction, as Coleman had not procured the necessary authorization from the Eighth Circuit Court of Appeals to file a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h); *Coleman v. United States*, No. 1:17-CV-0104, ECF No. 2 (E.D. Mo. order Aug. 3, 2017).

Coleman, who is currently a prisoner at the Federal Correctional Institution at Waseca, Minnesota ("FCI-Waseca"), then filed a petition for a writ of habeas corpus in this District. *See* Petition [ECF No. 1]. In her habeas petition, Coleman references only the *drug* proceedings, not the ACCA proceedings, as the judgment being challenged. *See* Petition at 1-2. But Coleman also references the prior § 2255 motions — which, again, related only to the ACCA conviction, not the drug conviction — when asked if she had "already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence." *Id*. at 4.

The habeas petition was ambiguous in more respects than the specific conviction or convictions being challenged. The lone ground for relief in Coleman's petition stated

2

only that she was denied "due process." Petition at 6. Coleman also suggested that a retroactively applicable Supreme Court decision established the illegality of her sentence, but she did not state what that decision was. *See id.* at 2. None of these vague or conclusory statements was sufficient to put the government on notice of the specific claim being raised by Coleman in challenging her sentence. Accordingly, the Court asked Coleman to clarify her basis for relief. *See* ECF No. 2. The Court also asked Coleman to explain why a habeas corpus petition was the appropriate vehicle for relief on the claim being raised. *Id.*

Coleman's supplementary response is, like her habeas petition, not clear in all particulars. In that response, Coleman references both the drug and ACCA convictions, suggesting that she intends to challenge both in these habeas proceedings. *See* ECF No. 3 at 1. Her specific claim, however — that the sentencing court incorrectly applied a career-offender enhancement at sentencing in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and related cases — is relevant only to her drug sentence, as she was given the mandatory minimum sentence for her ACCA conviction, rendering any sentencing enhancements moot.[1] Coleman further argued that a petition for a writ of habeas corpus was appropriate because no other vehicle for relief, such as a motion under § 2255, was available for her to raise a claim under *Dimaya*. Because Coleman had sought relief

---

[1] *Dimaya* is at least theoretically relevant to Coleman's ACCA conviction (as opposed to sentence), but (1) any claim under *Dimaya* would appear to be wholly duplicative of the claims Coleman previously raised under § 2255 that were rejected on the merits — *Dimaya* is an extension of the holding of *Johnson* to a context *outside* of the ACCA — and (2) Coleman's supplementary brief on its face challenges only the sentencing enhancement, not the validity of any conviction.

3

under § 2255 previously, any subsequent motion she brought under § 2255 could be authorized only if the claims in that motion were based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Coleman argued that *Dimaya* was a new rule made retroactive to cases on collateral review by the Supreme Court, but that because *Dimaya* stated a *statutory* rule rather than a *constitutional* rule, § 2255(h)(2) did not permit authorization of a motion raising a *Dimaya* claim. This, in turn, rendered § 2255 "inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e). And because § 2255 was "inadequate or ineffective," Coleman concluded, habeas corpus relief from her sentence remained available to her. *See id*.

This argument contains one glaring weakness: A motion under § 2255 challenging the drug sentence that is the subject of Coleman's habeas petition *would not be second or successive*. Coleman has never before challenged her drug sentence under § 2255. This is critical, because habeas corpus relief from a conviction or sentence is foreclosed to federal prisoners unless § 2255 "is inadequate or ineffective to test the legality of [her] detention." 28 U.S.C. § 2255(e); *accord Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) ("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241."). This "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Some, though not all,

4

circuits have concluded that habeas corpus relief is appropriate where — as Coleman argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review and has previously sought relief under § 2255. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).  This is because, although a prisoner may raise such a claim in a *first* motion for relief under § 2255, new rules of statutory law (as opposed to constitutional law) are not a basis for authorizing a *successive* motion for relief under § 2255.  *See* 28 U.S.C. § 2255(h).  Thus, a prisoner may be left with a valid claim for relief — that an intervening change of statutory law has resulted in a viable claim that she was innocent of the offense for which she was convicted — and yet have no procedural vehicle through which to bring such a claim.

But the savings clause is irrelevant where a petitioner has not previously sought relief under § 2255,[2] because the prisoner may simply present her new claim in a § 2255 motion.  Although a one-year limitations period applies to § 2255 motions, that limitations period may be reopened where the new right or rule of law applicable to cases

---

[2] The lone exception is where relief under § 2255 was never available to the petitioner *at all* — for example, where (as in courts martial) "the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack."  *Prost*, 636 F.3d at 588.

on collateral review is recognized by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). Unlike the restriction on second-or-successive motions found in § 2255(h)(2), the limitations period set by § 2255(f)(3) does not distinguish between new rules of constitutional law and new rules of statutory law; both types of claims are entitled to the benefit of the reopened limitations period. And should the reopened limitations period close before the petitioner raises her claim,[3] the fault is that of the petitioner, not the inadequacy of § 2255. *Cf. United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Moreover, even if Coleman *had* previously brought a motion under § 2255 challenging her drug sentence — or, for that matter, even if Coleman's habeas petition were interpreted as challenging her ACCA conviction — the savings clause would still not provide an avenue for Coleman to assert a claim under *Dimaya*, because *Dimaya* did not establish a rule of statutory law. *Dimaya* declared the "residual clause" of 18 U.S.C. § 16(b) void for vagueness — that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson*, which itself was determined to be a new rule of constitutional law, not statutory law*, see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d

---

[3] Several months currently remain for a § 2255 petitioner to proceed under *Dimaya*. *See* 28 U.S.C. § 2255(f)(3).

880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Dimaya*, like *Johnson*, declared not that courts' previous understanding of the scope of the relevant statute was incorrect, but that the statute itself (or at least a portion thereof) was invalid on constitutional grounds. This is a constitutional holding, not a statutory holding.

Thus, assuming that the other requirements of § 2255(h) are met[4] — the rule of *Dimaya* is "new," that rule applies retroactively to cases on collateral review, and so on — a petitioner may present a *Dimaya* claim through a motion under § 2255 after receiving authorization from the appropriate court of appeals. It is worth noting, however, that if *Dimaya* claims could not be authorized under § 2255(h) for a reason *other* than those claims not relying upon a "constitutional" rule, dismissal of the petition would still be necessary. If *Dimaya* did not establish a "new rule," then petitioners invoking *Dimaya* would have no excuse for having failed to invoke the "old" rule previously, whether on direct appeal or in a motion under § 2255, and therefore would have forfeited their unobstructed procedural opportunity to raise the claim. *See Abdullah*, 392 F.3d at 963. And if *Dimaya* was not made retroactive to cases on collateral review, then petitioners simply could not rely upon *Dimaya* in collateral proceedings, including habeas corpus proceedings. In either case, the claim's failure would not be due to § 2255

---

[4] The government has conceded in other litigation that a viable claim under *Dimaya* may be authorized under § 2255(h). *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

7

being "inadequate or ineffective," 28 U.S.C. § 2255(e), but due either to the petitioner's lack of diligence or to the claim being limited to cases that have not yet become final.

However the petition might be interpreted, Coleman has not justified her invocation of the savings clause. The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: October 10, 2018                *s/Tony N. Leung*_____
                                       Tony N. Leung
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).