# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PENNY COLEMAN, | Case No. 18-cv-1682 (NEB/TNL) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| WARDEN BARNES, | |
| Respondent. | |

This is a habeas action brought under 28 U.S.C. § 2241 by petitioner Penny Coleman ("Coleman"). [ECF No. 1 ("Pet.").] In a Report and Recommendation dated October 10, 2018, United States Magistrate Judge Tony N. Leung recommended that the petition be dismissed without prejudice for lack of jurisdiction because Coleman has never before challenged her drug sentence under 28 U.S.C. § 2255. [ECF No. 5 ("R&R") at 4–5.] Coleman objects to the R&R. [ECF No. 6 ("Pet'r's Obj.").] The respondent Warden Barnes asserts that the R&R should be adopted in its entirety. [ECF No. 7.] For the reasons set forth below, the Court overrules Coleman's objections, accepts the R&R, and dismisses the petition without prejudice for lack of jurisdiction.

## BACKGROUND

The underlying facts are not in dispute and will not be repeated except as necessary. Coleman pleaded guilty to separate offenses in two separate criminal

proceedings in the United States District Court for the Eastern District of Missouri. In the first proceeding, Coleman pleaded guilty to being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was sentenced to the statutory minimum of 180 months' imprisonment. *See United States v. Coleman*, No. 1:14-CR-0029, ECF No. 57 (E.D. Mo. Judgment Jan. 20, 2015). In the second proceeding, Coleman pleaded guilty to distribution of cocaine base and was sentenced to a concurrent 180-month term of imprisonment. *See United States v. Coleman*, No. 1:14-CR-0080, ECF No. 31 (E.D. Mo. Judgment Jan. 20, 2015). Coleman did not seek direct appeal from either conviction. She twice challenged her ACCA conviction and sentence in the Eastern District of Missouri pursuant to 28 U.S.C. § 2255. Coleman's first § 2255 motion, which challenged her ACCA conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), was denied on the merits. *See Coleman v. United States*, No. 1:16CV0121 SNLJ, 2016 WL 5390933, at *3 (E.D. Mo. Sep. 27, 2016) (finding that Coleman's three ACCA predicate conviction classifications were unaffected by *Johnson*). The sentencing court denied her second § 2255 motion without prejudice because Coleman had not obtained permission from the Eighth Circuit Court of Appeals to file a second or successive motion under § 2255. *See Coleman v. United States*, No. 1:17-CV-0104, ECF Nos. 2, 3 (E.D. Mo. Mem. & Order dated Aug. 3, 2017).

Coleman is currently a prisoner at the Federal Correctional Institution at Waseca, Minnesota, and filed her § 2241 petition in this District. Her petition references only her

drug conviction, and asserts that she had previously filed a § 2255 motion based on the conviction at issue. (Pet. at 1-2, 4.) When the Magistrate Judge asked Coleman to clarify her basis for relief, she responded that a § 2241 petition was appropriate because no other vehicle for relief was available for her to raise a claim under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). [*See* ECF No. 3 at 3.] She argues that the sentencing court incorrectly applied a career-offender enhancement in light of *Dimaya*. (*Id.*) Coleman references both career-offender and "'armed' career-offender" enhancements, suggesting that she intended to challenge both the ACCA and drug convictions in her petition. (*Id.*) But Coleman received the mandatory minimum sentence for her ACCA conviction. *See* 18 U.S.C. § 924(e). Because no enhancement was applied to Coleman's ACCA sentence, any sentencing enhancement argument regarding her ACCA conviction is moot. Thus, Coleman's career-offender enhancement argument is relevant only to her drug sentence. (*See* R&R at 3.)

## ANALYSIS

In her objection to the R&R, Coleman reiterates that she seeks relief from her sentence through this habeas petition pursuant to *Dimaya*. (Pet'r's Obj. at 2.) "[A] collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 … and not in a habeas petition filed in the court of incarceration … under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). Coleman relies upon § 2255's "savings clause" to argue

3

that her habeas petition should not be dismissed. Section 2255(e) provides that a court shall not entertain a habeas petition

> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added); *see Hill*, 349 F.3d at 1091 (referring to § 2255(e) as "[§] 2255's 'savings clause'").

Coleman maintains that this savings clause provides a path for her to challenge the execution of her sentence under § 2241 after filing successive § 2255 motions. She cites *Cox v. Krueger*, No. 17-1099, 2017 WL 4706898 (C.D. Ill. Oct. 19, 2017), in support of her position. In that case, Cox had several prior convictions when he was convicted of multiple charges, including being a felon in possession of a firearm. *Id*. at *1–*2. The sentencing court applied the ACCA enhancement to sentence Cox to life imprisonment for his firearm convictions; he would have received a 10–year sentence without it. *Id*. at *2. Cox filed a § 2255 motion to vacate his conviction and sentence; the district court resentenced him on one count and denied the balance of his motion. *Id*. After the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2251 (2015), Cox sought leave to file a second or successive § 2255 motion. *Id*. The Eighth Circuit denied authorization to file the second or successive motion. *Id*. Cox then filed a habeas petition under § 2241 challenging his ACCA conviction, arguing that "following *Johnson*, he no longer qualifies

4

as an Armed Career Criminal." *Id*. Cox maintained that he was entitled to proceed under § 2241 because § 2255 was "inadequate or ineffective." *Id*. The court agreed, finding that § 2255 was inadequate or ineffective to test the legality of Cox's sentence "because the Eighth Circuit denied Cox authorization to file a second or successive § 2255 motion based on *Johnson*." *Id*. at *6.[1]

Even if the *Cox* decision were binding on this Court, it would not control the outcome here because the decision is distinguishable from the instant proceeding. In *Cox*, the § 2241 petition challenged Cox's ACCA conviction in light of *Johnson*. In the instant petition, Coleman challenges the execution of her sentence; she does not challenge her convictions.[2] In *Cox*, the Eighth Circuit had denied authorization to file a second or successive § 2255 motion. *Id*. at *2. Here, Coleman does not assert that she sought leave to file a second or successive § 2255 motion from the Eighth Circuit, or that such leave was denied. *See* 28 U.S.C. § 2255(h); *Hill*, 349 F.3d at 1090 ("Before a trial court may consider a second or successive § 2255 motion … a petitioner must obtain permission from the court of appeals.").

---

[1] The *Cox* court also found that until *Johnson* had been decided, any challenge to the use of Cox's prior convictions to support the ACCA enhancement would have evaded review on appeal and in Cox's § 2255 motion. 2017 WL 4706898 at *6. Moreover, it found that Cox had "shown cause and prejudice for any procedural default" because the difference between having three, as opposed to two, qualifying prior convictions meant a significantly larger sentence under the ACCA. *Id*.

[2] Coleman challenged her ACCA conviction and sentence in light of *Johnson* in her first § 2255 motion; that motion was denied on the merits. *See Coleman*, 2016 WL 5390933.

5

Coleman's first § 2255 motion only challenged her ACCA conviction and sentence; it did not challenge her drug conviction or sentence. *See Coleman*, 2016 WL 5390933, at *1 (noting that because Coleman did not contend that the sentence for her drug conviction was imposed improperly, "there is no need to address any issue related to that conviction or sentence"). As for her second § 2255 motion, Coleman claims that she "sought relief from her drug conviction, as well as her firearms convictions," and that motion was denied because she had not procured the necessary authorization from the Eighth Circuit. (Pet'r's Obj. at 3.) A review of Coleman's second § 2255 motion demonstrates that it only challenged her ACCA conviction; it did not mention her drug conviction at all. *See Coleman*, No. 1:17-CV-0104, ECF No. 1 (Jun. 21, 2017). Thus, contrary to Coleman's assertions, she has never challenged her drug conviction or sentence under § 2255.

Coleman's § 2241 petition challenges the sentence enhancements applied to her drug conviction.[3] Since Coleman has not yet filed a § 2255 motion challenging her drug conviction or sentence, she may file her first § 2255 motion to seek relief under *Dimaya* in that proceeding.[4] *See* 28 U.S.C. § 2255(f)(3). Because § 2255 is not inadequate or ineffective

---

[3] As noted above, any argument over sentencing enhancements relating to Coleman's ACCA conviction is moot because no enhancement was applied to her ACCA sentence.

[4] Section 2255(f)(3) provides that a prisoner may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court's decision in *Dimaya* was filed on April 17, 2018. *See* 138 S. Ct. 1204. Thus, several months remain for a § 2255 petitioner to proceed under *Dimaya*.

to the task of allowing Coleman to test her sentence under *Dimaya*, she cannot seek habeas corpus relief from her drug sentence in this District. *See* 28 U.S.C. § 2255(e).

## CONCLUSION

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES the petitioner's objections [ECF No. 6], and the Report and Recommendation [ECF No. 5] is ACCEPTED. IT IS HEREBY ORDERED THAT this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 20, 2018         BY THE COURT:

                                 s/Nancy E. Brasel
                                 Nancy E. Brasel
                                 United States District Judge